No. 584

BURGY et v. DANE et

No. 19880. Supreme Court

On motion to certify. Dock. June 9, 1926.

1271. WILLS—Where a deed has been placed in escrow to be delivered at the time of the grantor's death pursuant to an agreement between a deceased and his house-keeper and later before the testator's death the agreement is revoked by consent and the testator's will refers to the deed and accepts the property described in the deed from passing to the heirs, may the heirs maintain an action in ejectment against the grantee named in the deed?

This action was brought originally in the Belmont Common Pleas by Ross Dane, Lois Masters, and Gladys Fulton, heirs of John Dane against Cora Burgy to eject Burgy from said property.

It appears that John Dane in accordance with an agreement had delivered a deed in escrow conveying certain real property to Burgy his housekeeper to compensate her for her services. Subsequently John Dane executed a will in which he bequeathed to his children, defendants in error, all his property both real and personal. The property described in the deed was accepted in the will and reference was made to the deed which has been placed in escrow.

The evidence disclosed that before the testator's death that he and Burgy agreed that the deed should be destroyed and that she should be paid money for her services.

The Common Pleas rendered judgment in favor of the heirs, which judgment was affirmed by the Appeals. Burgy in the Supreme Court contends:

1. That parole evidence is not admissible to show the failure of delivery of the deed.

2. That the deed was so incorporated in the will as to cause the title to pass to Burgy.

3. That the heirs are not permitted by statute to maintain an action in ejectment.

4. That it is a question for the jury to decide and not the court of whether or not there was a delivery of the deed.

Attorneys—Walker &Kelvey, St. Clairsville, for Pltfs.; Thornburg & Lewis, St. Clairsville, for Defts.

---

No. 585

STATE ex rel, Atty. Gen. v. TRACTION CO.

No. 19846. Supreme Court

In Quo Warranto. Dock. May 27, 1926.

874a. OUSTER—Where a traction Company refuses to comply with the terms of its franchise by failing to cooperate with a city in the paving of a street and discontinue city car service, this default causing the blockade of a county and state highway is the corporation subject to ouster.

The State ex rel C. C. Crabbe, Attorney General, brought this action originally in the Supreme Court against the Indiana, Columbus & Southern Traction Company to effect the forfeiture of the company's franchise.

It appears that the company was authorized by its charter to operate both city and interurban traction lines. A franchise received from the city of Bellefontaine provided that the company was to cooperate with the city in the repair or paving of any streets by keeping in repair or paving the part of the street between the tracks and 18 inches on either side thereof. A certain improvement was commenced by the city and due to the failure and refusal of the company to comply with its agreement the road contractor was unable to complete the improvement and the street was and is still thereby blockaded and impassible for traffic. This blockade also impedes the use of intercounty and state highway. The company also discontinued city service without notice to Bellefontaine.

The state hereby seeks a judgment of ouster and a forfeiture and the charter and franchise of the company and also seeks a receivership to accomplish all necessary incidents thereto.

Attorneys—C. C. Crabbe, J. C. Williamson, Chas. G. Williams, J. E. Sater, Columbus, for Pltf.; U. G. Hahn, Bellefontaine, for Deft.

---

No. 586

AURAND v. RAILWAY

No. 19826. Supreme Court

On motion to certify. Dock. May 19, 1926.

1167. TENDER—Where a release of liability has been secured by fraud and misrepresentation and the party so defrauded desires to revoke the release is one tender of the money received for consideration of the release sufficient or must the tender be a continuing one?

Lucy B. Aurand brought this action originally in the Summit Common Pleas against the Toledo & Ohio Central Railroad Company for damages arising from personal injury caused by the alleged negligence of the Company.

Aurand was severally injured and after the commencement of the original action three detectives in the employ of the company, it is alleged, secured a release of liability, from Aurand by deceit, fraud, and misrepresentation.

The company thereupon secured the dismissal of the action by virtue of the release and Aurand upon learning that she had been defrauded brought an action to set aside the dismissal. A demurrer to the petition was sustained on the ground that a tender of the amount received was not alleged. A demurrer was also sustained to the amended petition on the ground that an allegation that a tender was made was not sufficient but that it was necessary to keep the tender alive, which judgment was affirmed by the Appeals.

Aurand in the Supreme Court contends:

1. That the ruling wholly ignored the fact that a fraud had been committed by the Company.

2. That the averment of mental and physical incapability of carrying on business abrogated the rule requiring tender.

3. That the release is absolutely void.

4. That if a tender has been made and refused it is not necessary to keep such tender open.

Attorneys—Charles A. Thatcher, Toledo, for Aurand; Doyle & Lewis, Toledo, for Company.